---

### SHAFFER v. MOHAWK VALLEY BREWERY CORPORATION et al.
#### (No. 318–56.)

(Supreme Court, Appellate Division, Third Department.  January 6, 1915.)

Appeal from Trial Term, Schenectady County.

Action by Frank B. Shaffer against the Mohawk Valley Brewery Corporation and others. Judgment for plaintiff, and defendant corporation appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Fryer & Lewis, of Schenectady, for appellant.
Walter F. Wellman, of Schenectady, for respondents.

PER CURIAM. Judgment and order affirmed, with costs. All concur, except

WOODWARD, J. (dissenting). The complaint alleges that the Mohawk Valley Brewery Corporation is a domestic corporation, and that "on or about the 1st day of May, 1913, the defendants Martin F. Murray, Joseph G. Schuler, and Martin J. Healey, acting for themselves and for others, including the defendant the Mohawk Valley Brewery Corporation, did make and execute with the plaintiff a certain agreement in writing," and that "under and pursuant to the terms of said contract plaintiff entered upon and continued to perform his duties as assistant manager of the brewery belonging to the defendant the Mohawk Valley Brewery Corporation, which did accept such services and pay plaintiff therefor, thereby ratifying said contract; that on or about November 11, 1913, the defendants did summarily and without cause discharge plaintiff, and did then notify him that his further services were dispensed with, that he was discharged, and that they would not pay him any further salary, all of which was contrary to the terms and conditions of said contract; that plaintiff has demanded the installment of his salary due November 15, 1913, and the defendants have failed and refused to pay the same, or to pay the whole or any portion of the 60 days' salary due plaintiff under said contract, whereby defendants are justly indebted to plaintiff in the sum of $500."

The answer admits the incorporation of the defendant the Mohawk Valley Brewery Corporation, and denies "each and every allegation contained in paragraph 'Second' of said complaint," except that it admits the discharge of the plaintiff at the time mentioned in the com-

plaint, the plaintiff having been at the time in the employ of the defendant the Mohawk Valley Brewery Corporation, and that it has refused to pay him any further salary. Two affirmative defenses are alleged on the part of the Mohawk Valley Brewery Corporation, which was alone served in the action, and which alone answered; but these are not important to be considered.

The answer, it will be seen, denies the allegation of the complaint that Murray, Schuler, and Healey, "acting for themselves and for others, including the defendant the Mohawk Valley Brewery Corporation, did make and execute" the contract which is attached to the complaint and made a part thereof. This made it the duty of the plaintiff to establish by evidence the allegations referred to if he would recover in this action. The contract itself, which is under seal, says that this agreement was made on the 1st day of May, 1913, "between Martin F. Murray, Joseph G. Schuler, and Martin J. Healey, committee, acting for themselves and others, successors in title to the Mohawk Brewing Company [not the Mohawk Valley Brewery Corporation] of Schenectady, New York, of the one part, and Frank B. Shaffer, of the city of Syracuse, New York, of the other part," and no mention whatever is made of the answering defendant in this action. This contract witnesseth:

"That for and in consideration of the hereinafter mentioned conditions the said party of the first part agrees to pay to the said Frank B. Shaffer the sum of $250 per month for each and every month that he remains in the employ of the parties above mentioned, to wit, the aforesaid committee, acting for themselves and others successors in title of the Mohawk Brewing Company."

This contract provided that it was to be terminated upon 60 days' notice by either party, and that the payment of 2 months' salary was to relieve the party of the first part of all claims and demands which might otherwise grow out of the contract of employment for the term of one year.

It will be observed, therefore, that the plaintiff's complaint, read in connection with "Schedule A," which is made a part thereof, shows that the contract was not made in behalf of the answering defendant in any sense. No mention of the Mohawk Valley Brewery Corporation is made. No suggestion is made that any such corporation is ever to be created. The language is as positive as it well could be that the contract is between the individuals named as a "committee acting for themselves and others, successors in title to the Mohawk Brewing Company," and the instrument being under seal, and the Mohawk Valley Brewery Corporation not having been formed until the 3d day of July following, it would seem to be fairly well established by the plaintiff himself that this contract was not made by the individuals mentioned, "acting for themselves and others, *including the defendant the Mohawk Valley Brewery Corporation*," the only defendant now before this court. There is no evidence whatever, either in the contract or outside of it, that the Mohawk Valley Brewery Corporation had even a nebulous existence in the mind of any one of the parties to the contract at the time it was made and entered into. Certainly it could not have been embraced within the words "and others, successors in title of

the Mohawk Brewing Company," for a corporation not then in existence could not be a "successor in title" to another corporation, and the contract dealt exclusively with the plaintiff in his relation to the parties to this contract. He was to have $250 per month "for each and every month that he remains in the employ of the parties above mentioned, to wit, the aforesaid committee, acting for themselves and others, successors in title of the Mohawk Brewing Company."

If he subsequently accepted employment, with the consent of the parties to this contract, with the Mohawk Valley Brewery Corporation, and received compensation for his services from such corporation, it would seem to be the fair inference that all the parties to the above contract consented to its abrogation, and that a new relation was brought into being. This is exactly what occurred. The Mohawk Valley Brewery Corporation was organized on the 3d day of July, 1913, and the plaintiff continued to perform the services of an assistant manager, accepting his compensation of $250 per month, until the 11th day of November, when the corporation, whose directors are charged with the duty of managing the affairs of the corporation, discharged him. There is no question that he received his pay for all that he did. What he seeks in this action is to hold the answering defendant to the terms of the contract with the individuals acting as a committee for themselves and others, and which contract, under seal, came into being months before the present defendant had any legal existence.

There is not a word of evidence in the case to show that the plaintiff and defendant ever had any understanding that the plaintiff was employed under this contract. Nothing is shown to indicate that the plaintiff was ever given to understand that the Mohawk Valley Brewery Corporation intended to take over and perform the contracts of the individuals who entered into the contract. All there is in the evidence is the fact that the plaintiff continued to perform the same kind of services for which he had been previously employed, and that he was paid the same salary. This would, of course, show an implied contract to continue to pay the same salary so long as the plaintiff continued to perform the duties, in the absence of special arrangements; but that falls short of imposing upon the corporation defendant in this action the acceptance and performance of the particular contract here under consideration, and with which it had no possible relation at the time it was entered into.

In Oakes v. Cattaraugus Water Co., 143 N. Y. 430, 38 N. E. 461, 26 L. R. A. 544, the leading case upon this subject, the contract was made in the name of the Cattaraugus Water Company on the 18th day of February, 1890, and on the 3d day of March in the same year the certificate of incorporation was executed, though not filed until May. The contract was made by "George N. Cowan, Atty. for Cattaraugus Water Co.," and Cowan became the president of the corporation, and the services of Oakes in securing rights of way, etc., were performed subsequent to the incorporation, at the request of Cowan, who was not only the president, but the general manager, of the corporation. These services were identical with those contemplated by the contract be-

tween the Cattaraugus Water Company and Oakes, as the same was written and executed prior to the incorporation, and the court held that what subsequently occurred amounted to an adoption of the original contract, and permitted the plaintiff to recover the amount agreed upon for the services. It was fully recognized by the court that the contract in its inception was not the contract of the Cattaraugus Water Company; but, being made in its name and the services having been rendered subsequent to the incorporation at the then request of the president and general manager, it was held that the contract as made embraced the terms of the contract subsequently performed.

But in the case now before us there is no contract of any kind existing in the name of the Mohawk Valley Brewery Corporation. Not only was it not in existence, but the contract made no mention of the possibility of its existence. It was a contract between individuals, "successors in title of the Mohawk Brewing Company," and it was under seal, thus excluding other parties than those mentioned. There is no doubt that the plaintiff, in performing services for the corporation with its knowledge and consent, became entitled to compensation therefor, and this he has received. But he seeks to go farther, and to demand on the part of the corporation the specific performance of a contract which he entered into with individuals.

The law is well settled that the promoters of the Mohawk Valley Brewery Corporation could make no contract for the corporation, and that it came into existence unfettered by any contract obligations, and could become bound by the agreement alleged only by subsequent acts of its board of directors or officers within the apparent scope of their authority by ratifying, accepting, or adopting it (Bond v. Atlantic Terra Cotta Co., 137 App. Div. 671, 677, 122 N. Y. Supp. 425, and authorities there cited), and the mere fact that employés engaged in the management of a brewery are continued in employment, and are paid at the prevailing rate of compensation, does not warrant a jury in finding that there was an adoption of the existing contract which the plaintiff had with certain individuals, even though some of these individuals happen to be officers of the new corporation. Suppose, for instance, that Mr. Murray, one of the parties to the sealed contract, had purchased all of the other interests, and had become the sole owner of the property, and that he had continued the plaintiff in employment at the old rate of wages; could the plaintiff have sued Mr. Murray alone upon this joint contract for a breach? This was a joint contract under seal, and the rule at common law is that all the obligors or makers must be made defendants in such an action. 9 Cyc. 706. It might be that he could adopt the contract, being named in it; but the answering defendant here is not a party in any sense to the contract, and in the absence of some definite action on the part of the corporation, or its officers, recognizing the contract as being its own, it seems to me there can be no question for a jury to determine.

I therefore dissent, and recommend a reversal of the judgment.